Approved: _____
SHIVA H. LOGARAJAH
Assistant United States Attorney

Before: THE HONORABLE PAUL E. DAVISON
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : **COMPLAINT**

- v. - : Violations of
18 U.S.C. §§ 922(g)(1)
EUGENE MCMILLIAN, : and 924(c), 21 U.S.C. §§
841(a)(1) and
Defendant. : 841(b)(1)(C)

COUNTY OF OFFENSE:
ROCKLAND

- - - - - - - - - - - - - - - - - - x

20 MJ 2892

SOUTHERN DISTRICT OF NEW YORK, ss.:

Matthew Sansone, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and charges as follows:

**COUNT ONE**
(Felon in Possession of a Firearm)

1. On or about March 10, 2020, in the Southern District of New York, EUGENE MCMILLIAN, the defendant, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly and intentionally did possess, in and affecting commerce, a Firearm, to wit: a Kahr, Model PM9, 9mm Lugar Caliber, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

2

## COUNT TWO
(Narcotics Possession with Intent to Distribute)

2. On or about March 10, 2020, in the Southern District of New York and elsewhere, EUGENE MCMILLIAN, the defendant, possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, 841(a)(1).

3. The controlled substance involved in the offense were mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).)

## COUNT THREE
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

4. On or about March 10, 2020, in the Southern District of New York and elsewhere, EUGENE MCMILLIAN, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in the court of the United States, namely, the narcotics offense charged in Count Two of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such narcotics offense, did possess a firearm.

(Title 21, United States Code, Section 924(c)(1)(A)(i).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5. I am a Special Agent with the ATF, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions,

3

statements and conversations of others are reported herein, they are reported in substance and in part.

  6. Based on my conversations with a Sheriff from the Rockland County Sheriff's Office ("Officer-1"), I know that:

    a. On or about March 10, 2020, at approximately 4:50 AM, Officer-1 entered a diner in Nanuet and observed a patron, later identified as EUGENE MCMILLIAN, the defendant, asleep in a booth, with a cellphone charger haphazardly strewn next to him. Officer-1 then spoke to an employee of the diner and asked if the employee wanted the patron removed. The employee responded in the affirmative.

    b. Officer-1 and his partner, Officer-2, then attempted to wake MCMILLIAN up by tapping him. After being tapped a second time, MCMILLIAN woke up but struggled to sit up by himself. Officer-1 and Officer-2 then assisted MCMILLIAN in getting up. At this time, Officer-1 detected a strong odor of marijuana.

    c. After assisting MCMILLIAN out of the diner, Officer-1 and Officer-2 conducted a pat down and search of his person and recovered hash oil and a bag of marijuana from his front left jacket pocket. They further recovered 65 small plastic bags of individually wrapped white rock substances and a larger bag with a white rock substance (collectively the "White Substances"). Upon being asked by Officer-1 what the White Substances were, MCMILLIAN responded: "I'm not gonna lie, that's crack."

    d. Officer-1 and Officer-2 then arrested MCMILLIAN and transported him to the Rockland County Sheriff's Patrol Headquarters.

    e. While at Patrol Headquarters, Officer-1 obtained pedigree information from MCMILLIAN and conducted a secondary search of MCMILLIAN. During the secondary search Officer-1 found a loaded firearm (the "Firearm") tucked behind MCMILLIAN's belt buckle.

4

7. Based on my conversations with a Rockland County Detective who interviewed EUGENE MCMILLIAN, the defendant, after MCMILLIAN was arrested, transported to Patrol Headquarters, and given a <u>Miranda</u> warning, I know that MCMILLIAN admitted to law enforcement that he sold crack cocaine.

8. Based on my conversations with a Rockland County Sheriff's Office lab technician who tested the White Substances recovered from EUGENE MCMILLIAN, the defendant, I know that the White Substances tested positive for cocaine base, or crack cocaine, and weighed approximately 18 grams.

9. Based on my training and experience and my conversations with other law enforcement officers, I know that 18 grams of crack cocaine is a resale quantity of crack cocaine and individually bagged amounts of crack cocaine – as was recovered from EUGENE MCMILLIAN, the defendant – is consistent with resale.

10. Based on my review of ATF databases, I have confirmed that the Firearm was not manufactured in the State of New York.

11. I have reviewed criminal history records pertaining to EUGENE MCMILLIAN, the defendant, and learned that MCMILLIAN was convicted on or about February 23, 1999 in Rockland County Court, of attempted assault in the first degree, in violation of New York Penal Law Section 120.10(1), which is a felony punishable by imprisonment for more than one year. Based on my review of criminal history records, I am aware that MCMILLIAN was sentenced, on or about February 23, 1999, to seven years' imprisonment and actually served approximately five years in prison in connection with the aforementioned conviction.

5

WHEREFORE, deponent respectfully requests that EUGENE MCMILLIAN, the defendant, be imprisoned or bailed, as the case may be.

/s/ Matthew Sansone
_____
MATTHEW SANSONE
Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives ("ATF")

Sworn to before me this
16th day of March, 2020

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK